# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Leonard Green
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed:  September 08, 2011

Ms. Nicole A. Baker
Kirkpatrick & Lockhart Preston Ellis Gates
1601 K Street, N.W.
Washington, DC 20006

Mr. Jerome A. Broadhurst
Apperson Crump
6070 Poplar Avenue
Sixth Floor
Memphis, TN 38119

Mr. David T. Case
Kirkpatrick & Lockhart Preston Ellis Gates
1601 K Street, N.W.
Washington, DC 20006

Mr. Shayne Radley Clinton
Bass, Berry & Sims
900 S. Gay Street
Suite 1700
Knoxville, TN 37902

Mr. Matthew M. Curley
Bass, Berry & Sims
150 Third Avenue, S.
Suite 2800
Nashville, TN 37201

Mr. Michael L. Dagley
Bass, Berry & Sims
150 Third Avenue, S.
Suite 2800
Nashville, TN 37201

Mr. Timothy A. Duffy
Kirkland & Ellis
300 N. LaSalle Street
Chicago, IL 60654

Mr. Gregg Martin Fishbein
Lockridge Grindal Nauen
100 Washington Avenue, S.
Suite 2200 Washington Square
Minneapolis, MN 55401

Mr. Richard A. Lockridge
Lockridge Grindal Nauen
100 Washington Avenue, S.
Suite 2200 Washington Square
Minneapolis, MN 55401

Mr. Jeffrey B. Maletta
Kirkpatrick & Lockhart Preston Ellis Gates
1601 K Street, N.W.
Washington, DC 20006

Mr. Wade Brantley Phillips Jr.
Bass, Berry & Sims
150 Third Avenue, S.
Suite 2800
Nashville, TN 37201

Mr. Charles D. Reaves
Apperson Crump
6070 Poplar Avenue
Sixth Floor
Memphis, TN 38119

Mr. Kristopher Scott Ritter
Kirkland & Ellis
300 N. LaSalle Street
Chicago, IL 60654

Mr. Matthew R. Salzwedel
Lockridge Grindal Nauen
100 Washington Avenue, S.
Suite 2200 Washington Square
Minneapolis, MN 55401

Mr. David Edward Swarts
Sullivan & Cromwell
125 Broad Street
New York, NY 10004-0000

Mr. Nicholas George Terris
Kirkpatrick & Lockhart Preston Ellis Gates
1601 K Street, N.W.
Washington, DC 20006

Mr. David Bruce Tulchin
Sullivan & Cromwell
125 Broad Street
New York, NY 10004-0000

Mr. Vernon Jay Vander Weide
Head, Seifert & Vander Weide
333 S. Seventh Street
Suite 1140
Minneapolis, MN 55402

Re:  Case No. 09-6265, *Richard Atkinson v. Morgan Asset Management, Inc.*
Originating Case No. 08-02694

Dear Counsel,

The court today announced its decision in the above-styled case.

Enclosed is a copy of the court's opinion together with the judgment which has been entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Yours very truly,

Leonard Green, Clerk

Linda K. Martin
Deputy Clerk

Enclosures

Mandate to issue.

*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 11a0259p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

RICHARD A. ATKINSON, MD, et al.,
    *Plaintiffs-Appellants,*

v.

MORGAN ASSET MANAGEMENT, INC., et al.,
    *Defendants-Appellees.*

No. 09-6265

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 08-02694—Samuel H. Mays, Jr., District Judge.

Argued: December 10, 2010

Decided and Filed: September 8, 2011

Before: BOGGS and COOK, Circuit Judges; CARR, District Judge.[*]

---

### COUNSEL

**ARGUED:** Vernon Jay Vander Weide, HEAD, SEIFERT & VANDER WEIDE, P.A., Minneapolis, Minnesota, for Appellants. David Bruce Tulchin, SULLIVAN & CROMWELL LLP, New York, New York, Matthew M. Curley, BASS, BERRY & SIMS, PLC, Nashville, Tennessee, Timothy A. Duffy, KIRKLAND & ELLIS LLP, Chicago, Illinois, for Appellees. **ON BRIEF:** Vernon Jay Vander Weide, HEAD, SEIFERT & VANDER WEIDE, P.A., Minneapolis, Minnesota, Jerome A. Broadhurst, Charles D. Reaves, APPERSON CRUMP, Memphis, Tennessee, Richard A. Lockridge, Gregg M. Fishbein, Matthew R. Salzwedel, LOCKRIDGE GRINDAL NAUEN P.L.L.P., Minneapolis, Minnesota, for Appellants. David Bruce Tulchin, David E. Swarts, SULLIVAN & CROMWELL LLP, New York, New York, Matthew M. Curley, Michael L. Dagley, Wade Brantley Phillips, Jr., Shayne R. Clinton, BASS, BERRY & SIMS, PLC, Nashville, Tennessee, Jeffrey B. Maletta, David T. Case, Nicholas G. Terris, Nicole A. Baker, K&L GATES, LLP, Washington, D.C., Timothy A. Duffy, Kristopher Scott Ritter, KIRKLAND & ELLIS LLP, Chicago, Illinois, for Appellees.

---

[*]The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

No. 09-6265    *Atkinson, et al. v. Morgan Asset Mgmt., Inc., et al.*    Page 2

---

## OPINION

---

COOK, Circuit Judge. Mutual-fund shareholders brought a state-law class action against various fund affiliates. The district court held that the Securities Litigation Uniform Standards Act of 1998 (SLUSA), Pub. L. No. 105-353, 112 Stat. 3227, bars Plaintiffs' claims, and so do we.

I.

Plaintiffs held shares in three mutual funds issued by Morgan Keegan Select Fund, Inc., an open-end investment company. *See* 15 U.S.C. § 80a-5(a)(1). The company structured these shares as "redeemable securities," entitling the holders to redemption at any time for their "proportionate share of the issuer's current net assets." *See id.* § 80a-2(a)(32).

Like most investments, Plaintiffs' shares lost value between 2007 and 2008; but, unlike most investors, Plaintiffs attributed their losses to fraud. They filed a class action suit in state court against the funds' advisers, officers, directors, distributor, auditor, and affiliated trust company (collectively, Defendants), bringing thirteen state-law claims for breach of contract, violations of the Maryland Securities Act, breach of fiduciary duty, negligence, and negligent misrepresentation. The crux of Plaintiffs' argument was that Defendants took unjustified risks in allocating the funds' assets and concealed these risks from shareholders. Had Plaintiffs been aware of the funds' mismanagement, they claimed, they would have redeemed their shares before they dropped in value.

Defendants removed the state action to federal court under SLUSA, which generally prohibits plaintiffs from using state-law class actions to vindicate fraud-based securities claims. *See* 15 U.S.C. § 77p(b), (c), (f)(2)(A), (f)(3). Plaintiffs moved for remand, arguing that their case comes within an exception to SLUSA and that, in any event, most of their claims fall outside of SLUSA's scope.

No. 09-6265        *Atkinson, et al. v. Morgan Asset Mgmt., Inc., et al.*        Page 3

Concluding that SLUSA precludes the action, the district court denied Plaintiffs' motion for remand and dismissed their claims with prejudice.

## II.

"SLUSA was not enacted in a vacuum." *Segal v. Fifth Third Bank, N.A.*, 581 F.3d 305, 308 (6th Cir. 2009), *cert. denied*, 130 S. Ct. 3326 (2010). Its story begins with the enactment of the Private Securities Litigation Reform Act of 1995 (PSLRA), Pub. L. No. 104-67, 109 Stat. 737, which sought to curb the "perceived abuses" of federal class-action securities litigation by imposing various burdens on plaintiffs. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 81–82 (2006). Facing PSLRA's hurdles, some plaintiffs began to skirt the federal forum by recasting their claims under state law and filing them in state court. *Id.* at 82. Congress shut this state-law back door by enacting SLUSA, which prevents "State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of [PSLRA]." *Id.* (internal quotation marks and citation omitted).

SLUSA precludes claimants from filing class actions that (1) consist of more than fifty prospective members; (2) assert state-law claims; (3) involve a nationally listed security; and (4) allege "an untrue statement or omission of a material fact in connection with the purchase or sale of" that security. 15 U.S.C. § 77p(b), (f)(2)(A), (f)(3); *see also Segal*, 581 F.3d at 309.

Where, as here, defendants believe that SLUSA precludes the state-court class action that names them, SLUSA authorizes removal to federal court in contemplation of termination of the proceedings. 15 U.S.C. § 77p(c). A plaintiff's subsequent motion to remand that "claim[s] the action is not precluded" then poses "a jurisdictional issue," and the court has the "adjudicatory power . . . to determine its own jurisdiction to deal further with the case." *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 643–44 (2006). If the court finds that "the action is precluded [by SLUSA], neither the district court nor the state court may entertain it, and the proper course is to dismiss." *Id.* at 644.

No. 09-6265        *Atkinson, et al. v. Morgan Asset Mgmt., Inc., et al.*        Page 4

Plaintiffs challenge the district court's denial of their motion to remand and dismissal of their action, arguing that (a) their action falls into the so-called "first Delaware carve-out," one of SLUSA's saving provisions; (b) regardless of the carve-out, nine of their thirteen claims merit remand to state court because they lack fraud-based allegations; and (c) even if SLUSA ends their case, the district court improperly dismissed their claims with, instead of without, prejudice, based on the court's holding that amendment would be futile.

SLUSA preclusion being a jurisdictional issue, *id.*, we review the district court's SLUSA-based dismissal de novo, *see Dixon v. Ashcroft*, 392 F.3d 212, 216 (6th Cir. 2004). But we give only abuse-of-discretion review to its decision to dismiss Plaintiffs' claims with prejudice. *See Brown v. Matauszak*, 415 F. App'x 608, 611 (6th Cir. 2011).[1]

A.

Plaintiffs first contend that their entire action falls within a specific exemption to SLUSA's general reach. This exemption, known as the first Delaware carve-out, preserves a class action otherwise facing SLUSA preclusion if it "involves . . . the purchase or sale of securities by the issuer or an affiliate of the issuer exclusively from or to holders of equity securities of the issuer." 15 U.S.C. § 77p(d)(1)(B).

An initial plain-language difficulty looms large over Plaintiffs' carve-out effort. While they claim, as they must, that their action "involves . . . the purchase or sale of securities," *id.*, it appears to involve no "purchase" or "sale" at all: Plaintiffs already held their mutual-fund shares when Defendants' alleged misconduct began, and they argue only that Defendants deceived them into holding the shares too long.

To overcome this hurdle, Plaintiffs first set their sights on the term "purchase." They note that while SLUSA does not define this term, the securities acts that SLUSA amended broadly construe "purchase" to include contracts to purchase securities, such

---

[1]Where a district court denies a plaintiff leave to amend based on its determination that amendment would be "futile," we review the decision de novo. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). We are not, however, reviewing a denial of leave to amend; Plaintiffs never attempted to recast their claims to avoid SLUSA's reach. In any case, for reasons explained below, Plaintiffs' challenge to the district court's dismissal with prejudice fails under either standard.

as options. *See* 15 U.S.C. §§ 77b(a)(3), 78c(a)(13). And they argue that we should likewise construe the carve-out to apply to actions that "involve contracts to purchase securities," and that the funds' obligation to redeem Plaintiffs' shares amounts to an ongoing contract to purchase them.

This contract-to-purchase argument ends where it begins. Even assuming that Plaintiffs have entered a "contract to purchase," the cases on which they rely confirm that the relevant "purchase" under the carve-out is the *acquisition* of their "contract," and they allege no acquisition misconduct. *See, e.g., Falkowski v. Imation Corp.*, 309 F.3d 1123, 1130 (9th Cir. 2002) ("[T]he *granting* of an option constitutes a 'purchase or sale' under SLUSA." (emphasis added)), *abrogated on other grounds by Kircher*, 547 U.S. at 633. These cases transform Plaintiffs not from holders into purchasers, but, at best, into different types of holders—holders of "contracts to purchase." And Plaintiffs provide no authority for their actual argument: that a fund's redemption obligation under an *already-acquired* contract to purchase amounts to an indefinitely extending "purchase" under the carve-out.

Turning next to the term "involves," Plaintiffs argue that, even if they are mere holders, their action still "*involves* the purchase or sale of securities." 15 U.S.C. § 77p(d)(1)(B) (emphasis added). They point to SLUSA's bar on actions alleging fraud "*in connection with* the purchase or sale of a . . . security," *id.* § 77p(b)(1) (emphasis added), and correctly note that *Dabit* interpreted this to include holder claims, 547 U.S. at 86–87. Plaintiffs maintain that the distinction between "in connection with," as used in 15 U.S.C. § 77p(b)(1), and "involves," as used in its carve-out, amounts to an "insignificant semantic difference"—if the former language includes their action, so must the latter. And they point to a senate report that originally used the "in connection with" terminology in lieu of the actually enacted "involves" as further evidence that Congress intended to use them synonymously. *See* S. Rep. No. 105-182, at 6 (1998).

Yet the difference between these terms is quite significant, because "in connection with" is a statutorily significant term of art. In deciding that mere holders of securities brought claims "in connection with the purchase or sale of a . . . security,"

*Dabit* viewed Congress's inclusion of that term as dispositive. 547 U.S. at 85. The Court noted that it had previously construed this term broadly, a construction that "Congress can hardly have been unaware of . . . when it imported the key phrase—'in connection with the purchase or sale'—into SLUSA's core provision." *Id.* The carve-out, however, does not include this critical term, and the language in the senate report that Plaintiffs refer to suggests that its absence is no accident. Had Congress intended the carve-out to extend to holder claims, *Dabit* demonstrates that it knew which language to use.

Unable to stretch the carve-out's language to encompass their action, Plaintiffs contend that their position—that holders fall within the carve-out—is nonetheless more consistent with congressional intent. They reiterate their faulty senate-report argument, and direct us to *Dabit*'s mention that the existence of the carve-out "evinces congressional sensitivity to state prerogatives in this field." *Id.* at 87–88.

But *Dabit*'s carve-out whisper does not drown out its more important SLUSA story. Congress enacted SLUSA to ensure that PSLRA's standards govern fraud-based class actions involving securities. *See id.* at 86–87. Consistent with this broad goal, *Dabit* explained that "class actions brought by holders pose a special risk of vexatious litigation," and "[i]t would be odd, to say the least, if SLUSA exempted that particularly troublesome subset of class actions from its pre-emptive sweep." *Id.* at 86.

Plaintiffs' construction of the carve-out invites us to pull the rug out from under *Dabit*'s holding, creating an exemption for a large set of the very holder claims over which *Dabit* extended SLUSA's bar. Indeed, Plaintiffs ask us to shield from PSLRA's federal protections nearly every class action involving shareholders in open-end mutual funds. In the absence of clear language, precedent, or policy supporting this exemption, we decline to extend the carve-out so far.

No. 09-6265      *Atkinson, et al. v. Morgan Asset Mgmt., Inc., et al.*                Page 7

B.

Plaintiffs next argue that even if their action falls outside the carve-out, nine of their thirteen claims lie beyond SLUSA's scope because they allege no "untrue statement or omission of a material fact." *See* 15 U.S.C. § 77p(b)(1). We disagree.

Plaintiffs opened their complaint by alleging that Defendants "fail[ed] to provide truthful and complete information about the Funds' portfolios," and the district court properly concluded that each of the claims that followed included allegations of fraud. The court pointed to Plaintiffs' allegations in their breach-of-contract claims that Defendants misrepresented assets, created prospectuses with misleading financial information, and failed to disclose material information during audits. *Atkinson v. Morgan Asset Mgmt., Inc.*, 664 F. Supp. 2d 898, 906 (W.D. Tenn. 2009). It further explained that Plaintiffs alleged in their fiduciary-duty claims that Defendants employed false financial statements and less-than-full disclosures, and in their negligence claims that Defendants withheld material facts. *Id.* at 907.

Relying on an extracircuit district court case, *Xpedior Creditor Trust v. Credit Suisse First Boston (USA) Inc.*, 341 F. Supp. 2d 258 (S.D.N.Y. 2004), Plaintiffs argue that this was not enough.   That their claims *included* fraud-based allegations is irrelevant, Plaintiffs contend, because SLUSA bars only claims that *require* fraud as a *necessary element.*   And because fraud allegations merely form "background information" for their nine claims—and not necessary elements—Plaintiffs urge that they must thus survive.   Driving this point home, Plaintiffs point out that their claims incorporate prior allegations "except to the extent any allegations . . . contain any facts that are unnecessary . . . for purposes of stating" the claims.

But Plaintiffs reliance is misplaced, and their argument misguided, because the law of *this* circuit is clear: "[SLUSA] does not ask whether the complaint makes 'material' or 'dependent' allegations of misrepresentation in connection with buying or selling securities. It asks whether the complaint includes these types of allegations, pure and simple." *Segal*, 581 F.3d at 311. In deciding whether SLUSA applies, we review "the substance of a complaint's allegations," and claimants cannot "avoid its application

No. 09-6265      *Atkinson, et al. v. Morgan Asset Mgmt., Inc., et al.*      Page 8

through artful pleading that removes the covered words . . . but leaves in the covered concepts." *Id.* at 310–11.

Applying *Segal*, SLUSA precludes Plaintiffs' claims because they include allegations of misrepresentations and omissions, "pure and simple." *See id.* at 311. The district court rightly analyzed "the allegations contained in the complaint," and "not the state-law label placed on the claim," in concluding that "allegations of omissions or other deceitful activity" pervaded each of Plaintiffs' claims. *Atkinson*, 664 F. Supp. 2d at 906–07. That the claims did not "depend" on these allegations is inapposite, as is Plaintiffs' "artful" disclaimer. *See Segal*, 581 F.3d. at 310–11.

Confronting this conclusion, Plaintiffs attempt to distinguish *Segal* as involving an actual purchase of securities. Plaintiffs contend that, unlike the plaintiffs in *Segal*, they make no allegations "in connection with" a securities transaction because they "do not allege any actual purchases or sales as the factual predicate for any of their claims." But Plaintiffs forget the very *Dabit* rule that they attempted to import into their carve-out argument: SLUSA's "in connection with" language includes holder claims like Plaintiffs'. 547 U.S. at 85.

As the district court noted, our circuit has not yet addressed whether SLUSA precludes an entire action, as opposed to specific claims, if the complaint contains any covered allegations. *See Atkinson*, 664 F. Supp. 2d at 905–06. SLUSA's plain language, along with our precedent, suggests that it does. *See* 15 U.S.C. § 77p(b) ("No covered class *action* . . . may be maintained in any . . . court by any private party alleging . . . [fraud] . . . ." (emphasis added)); *Segal*, 581 F.3d at 309 ("Does the amended *complaint* allege an 'untrue statement' or a 'material omission' of fact . . . . If either one is true, SLUSA bars the *complaint*." (emphasis added) (citation omitted)). But we need not decide the issue here: because all of Plaintiffs' claims include allegations of fraud, SLUSA damns each one.

## C.

Last, Plaintiffs take issue with the district court's dismissal with prejudice, challenging its conclusion that "[a]ny effort at amendment would be futile because allegations of omissions or other deceitful activity are irreparably interwoven throughout [their] causes of action." *Atkinson*, 664 F. Supp. 2d at 907. They could still dodge SLUSA, they contend, by either removing the fraud allegations from their claims or shaving their class to less than fifty plaintiffs.

As to the merits of Plaintiffs' first argument, SLUSA cannot be tricked. *See Segal*, 581 F.3d at 310–11. We agree with the district court that fraud-based concepts invade each of Plaintiffs' claims, making efforts at artful amendment futile.

We find Plaintiffs' class-shaving argument equally unavailing: distilled to its essence, we read the argument as positing that dismissal with prejudice is *never* permitted in SLUSA cases because a class could *always* amend to sufficiently limit its numbers. This is not how SLUSA works. Plaintiffs originally could have filed a class action with up to forty-nine members without worry of SLUSA; but once a case is a "covered class action," or has more than fifty members, the action "may [not] be maintained" if it is based on allegations of fraud. 15 U.S.C. § 77p(b); *see also Segal*, 581 F.3d at 312 (affirming dismissal with prejudice of class claims).

Even if we agreed with these arguments, the problem is that Plaintiffs failed to raise them below. At no point did Plaintiffs move for leave to amend; nor did they contend, in their remand motion, that the district court should dismiss their claims without prejudice should it deem dismissal appropriate. Nor did they even move for reconsideration after the dismissal with prejudice. Plaintiffs having failed to present the issue of amendment, we discern no abuse of discretion in the district court's decision to dismiss their claims with prejudice. *See CNH Am. LLC v. UAW*, — F.3d —, 2011 WL 1833202, at *9 (6th Cir. May 16, 2011) ("[I]f a party does not file a motion to amend or a proposed amended complaint, it is not an abuse of discretion for the district court to dismiss the claims with prejudice."); *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037,

No. 09-6265        *Atkinson, et al. v. Morgan Asset Mgmt., Inc., et al.*        Page 10

1041–42 (6th Cir. 1991) ("[A] district court does not abuse its discretion in failing to grant a party leave to amend where such leave is not sought.").

Plaintiffs appear to counter this notion by arguing that they never had a fair shot at seeking leave to amend. They contend that seeking post-judgment relief would have been futile, and that they had no chance to request amendment prior to the court's dismissal, as "[t]he District Court dismissed this entire action with prejudice even though Defendants never moved to dismiss the complaint." This sua sponte dismissal blindsided Plaintiffs, they argue, because "the only motion pending before the District Court was Plaintiffs' motion to remand."

But Plaintiffs misunderstand the SLUSA process. Once a SLUSA-covered action is removed and a plaintiff moves to remand, a motion to dismiss becomes unnecessary because, as we explained, remand itself poses a "jurisdictional issue." *Kircher*, 547 U.S. at 643–44. Though Plaintiffs may not have recognized that they faced dismissal on the basis of their remand motion alone, this oversight does not affect our assessment of the district court's exercise of discretion in dismissing with prejudice. *See CNH Am. LLC*, 2011 WL 1833202, at *9.

III.

Though Plaintiffs attempt to force their state-law class action within the carve-out and construct walls around their allegations of fraud, their complaint "meets the relatively straightforward requirements" of SLUSA and warrants dismissal. *See Segal*, 581 F.3d at 312. Accordingly, we affirm.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 09-6265

```
┌─────────────────────────────┐
│          FILED              │
│       Sep 08, 2011          │
│    LEONARD GREEN, Clerk     │
└─────────────────────────────┘
```

RICHARD A. ATKINSON, MD, et al.,
    Plaintiffs - Appellants,

v.

MORGAN ASSET MANAGEMENT, INC., et al.,
    Defendants - Appellees.

Before:  BOGGS and COOK, Circuit Judges; CARR, District Judge.

## JUDGMENT

On Appeal from the United States District Court
for the Western District of Tennessee at Memphis.

THIS CAUSE was heard on the record from the district court and was argued by counsel.

IN CONSIDERATION WHEREOF, it is ORDERED that the judgment of the district court is AFFIRMED.

**ENTERED BY ORDER OF THE COURT**

_____
Leonard Green, Clerk